**In re: Sun CHO, a/k/a Kim Cho, Debtor.**

**Troy A. Stewart, Appellant,**

**v.**

**Rosenblum, Parish & Isaacs, Barry Milgrom, Gregg Kleiner; Sun Cho, a/k/a Kim Cho, Appellees.**

**No. 99–17395.**
**BAP No. NC–98–01766–RyMeP.**

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2001.*

Decided May 15, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN and W. FLETCHER, Circuit Judges, and KELLEHER, District Judge.**

MEMORANDUM ***

Troy A. Stewart, an unsecured creditor of debtor Sun Cho, appeals the Bankruptcy Appellate Panel's affirmance of the bankruptcy court's dismissal, on res judicata grounds, of his action alleging various state law claims against Cho and the law firm that represented the bankruptcy trustee, Rosenblum, Parish & Isaacs ("RPI"). The facts and prior proceedings are known to the parties; they are not restated herein except as necessary.

I

Stewart first contends that removal of his state court action to bankruptcy court was improper. We disagree. Section 28 U.S.C. § 1452(a) permits removal of state court actions which fall within the district courts' bankruptcy jurisdiction as provided by 28 U.S.C. § 1334. 28 U.S.C. § 1452(a). Section § 1334 grants district courts jurisdiction over, inter alia, civil proceedings "arising under" the Bankruptcy Code, i.e., "core" bankruptcy proceedings, which include "matters concerning the administration of the estate," "proceedings to determine, avoid, or recover fraudulent conveyances," and "objections to discharges." *See* 28 U.S.C. §§ 157(b)(1), (2)(A), (H), (J), 1334(b).

We have held that "postpetition state law claims asserted by or against a trustee in bankruptcy or the trustee's agents for conduct arising out of the sale of property belonging to the estate qualify as core proceedings." *Maitland v. Mitchell (In re*

---

** The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Harris Pine Mills)*, 44 F.3d 1431, 1437 (9th Cir.1995). Stewart's action clearly constitutes a core bankruptcy proceeding under *Harris Pine Mills*, as he seeks to hold RPI liable for conduct "inextricably intertwined" with the administration of Cho's estate.

The fact that Cho's bankruptcy estate had been closed at the time Stewart filed his state complaint is immaterial. Bankruptcy Code § 350 provides that a "[closed bankruptcy] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Given that Stewart's state court action challenged conduct inextricably intertwined with the administration of Cho's estate, the bankruptcy court's order pursuant to § 350 was entirely proper. Further, the fact that appellees' initial notice of removal was filed before the bankruptcy court granted the appellees' ex parte motion to reopen the case is likewise of no moment. Even if the appellees' initial notice of removal was premature because the bankruptcy court had not yet reopened the case pursuant to § 350, the appellees filed an amended notice of removal five days after the bankruptcy court reopened the case.

Thus, removal of Stewart's state court action to bankruptcy court was proper.

## II

Stewart argues that the bankruptcy court erred in dismissing his action against RPI on res judicata grounds.[1] He also contends that the bankruptcy judge was biased against him and hence should have recused herself from the case. Because we conclude that Stewart's action must be dismissed for lack of standing, we do not address these issues.

■ It is established that an individual creditor generally does not have standing to pursue claims belonging to the bankruptcy estate as a whole, because the individual creditor is only injured indirectly as a result of injury to the estate itself. Only the bankruptcy trustee has standing to pursue such claims. *See, e.g., In re Educators Group Health Trust*, 25 F.3d 1281, 1284 (5th Cir.1994) (if an action belongs to the estate, only the trustee has standing to sue); *In re San Juan Hotel Corp.*, 847 F.2d 931 (1st Cir.1988) ("[A] party may only assert against a trustee the harm it has directly suffered. Where the assets of the estate have been diminished by the trustee's actions, the representative of the estate is the proper party to assert claims against the trustee.")

■ Stewart's complaint clearly states claims properly belonging to the estate. RPI's alleged negligence only harmed Stewart indirectly, as an unsecured creditor of Cho's estate, by purportedly diminishing the assets available for the estate's creditors. Thus, the proper party in interest to bring this action against RPI is the bankruptcy trustee, not Stewart. *See In re J.E. Marion, Inc.*, 199 B.R. 635, 637 (Bankr.S.D.Tex.1996) (post-petition legal malpractice claim is property of bankruptcy estate).

■ As a narrow exception to this rule, we have recognized that a creditor does have standing to litigate a claim belonging

---

**1.** On appeal, Stewart has failed to challenge the dismissal of his conversion claim against Cho and his spoilation of evidence claim against RPI and RPI attorneys Barry Milgrom and Gregg Kleiner. Thus, these claims are waived. *Int'l Union of Bricklayers & Allied* *Craftsman Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401 (9th Cir.1985) (matters not "specifically and distinctly raised and argued in appellant's opening brief" are deemed waived).

to the estate where the trustee authorizes the creditor's action, with the bankruptcy court's approval, and the creditor stipulates that the suit is brought on behalf of the estate. *In re Parmetex, Inc.,* 199 F.3d 1029, 1030 (9th Cir.1999). In limited circumstances, a creditor may move the bankruptcy court to pursue litigation on behalf of the estate even in the absence of the trustee's approval. *See id.* (citing cases); *see generally* 5 Collier on Bankruptcy ¶ 548.06[2]. Here, however, Stewart did not seek, and did not receive, permission from the bankruptcy court to litigate the instant claims against RPI on behalf of the estate. Hence, he does not have standing.

Indeed, Stewart himself concedes that he did not have standing to pursue an action against RPI during the initial bankruptcy proceedings. He fails to explain how he might have standing to litigate his claims against RPI now. Indeed, in light of the bankruptcy court's order reopening the bankruptcy case, Stewart is in exactly the same position now as he was during the original course of bankruptcy proceedings.

VACATED and REMANDED with instructions to the Bankruptcy Appellate Panel to remand to the bankruptcy court to dismiss for lack of jurisdiction.